UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JENNIFER M.M.,

                Plaintiff,

v.                                              6:23-CV-0494
                                                 (GTS/MJK)
MICHELLE KING, Acting Commissioner of
Social Security,[1]

                Defendant.
_____

APPEARANCES:                                 OF COUNSEL:

HILLER COMERFORD INJURY &         JUSTIN M. GOLDSTEIN, ESQ.
DISABILITY LAW
  Counsel for Plaintiff
6000 North Bailey Avenue, Suite 1a
Amherst, New York 14226

SOCIAL SECURITY ADMINISTRATION     VERNON NORWOOD, ESQ.
  Counsel for Defendant                     Special Assistant U.S. Attorney
Office of the General Counsel
6401 Security Boulevard
Baltimore, Maryland 21235

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this Social Security action filed by Jennifer M. M. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "the Commissioner") pursuant to 28 U.S.C. § 636(b), are (1) the Report and Recommendation of United States

---

[1] On January 21, 2025, Michelle King was sworn in as the Acting Commissioner of Social Security. The Clerk is directed to substitute the Michelle King, Acting Commissioner of Social Security, as the Defendant in this matter.

Magistrate Judge Mitchell J. Katz recommending that Plaintiff's motion for judgment on the pleadings be denied and that Defendant's motion for judgment on the pleadings be granted, (2) Plaintiff's Objections to the Report and Recommendation, and (3) Defendant's response to Plaintiff's Objections. (Dkt. Nos. 22, 23, 24.) For the reasons set forth below, the Report and Recommendation is accepted and adopted in its entirety, the Commissioner's decision is affirmed, and Plaintiff's Complaint is dismissed.

I.      RELEVANT BACKGROUND

   A.     **Plaintiff's Objections to the Report-Recommendation**

Generally, in her Objections to the Report-Recommendation, Plaintiff argues that Magistrate Judge Katz erred when he found that substantial record evidence – including the opinions of State agency consultant Elke Lorensen, M.D., and non-examining State agency medical consultant, J. Koenig, M.D. – supported the determination of Administrative Law Judge ("ALJ") John P. Ramos that Plaintiff retained the residual functional capacity ("RFC") to frequently reach stoop and reach. (Dkt. No. 23.) More specifically, Plaintiff argues that Magistrate Judge Katz erred when, despite acknowledging that the ALJ procedurally erred by failing to explicitly apply to the opinions of Drs. Lorensen and Koenig the required "consistency" factor (which measures whether those medical opinions are consistent with the other medical and non-medical evidence of record), Magistrate Judge Katz found that the ALJ's assessment of record evidence from other medical sources assures the Court that the substance of the regulations was not traversed. (*Id.*) Simply stated, Plaintiff argues, "[t]he Court should not accept Defendant's and Judge Katz's *post hoc* speculation as to what evidence was considered by the ALJ as consistent with the findings of Drs. Koenig and Lorensen." (*Id*. at 16.)

   B.     **Defendant's Response to Plaintiff's Objections**

2

Generally, in his response to Plaintiff's Objections, Defendant asserts two arguments. (Dkt. No. 24.) First, Defendant argues, because Plaintiff's Objections merely rehash challenges that Magistrate Judge Katz considered and rejected (and does not identify any material errors in the Report-Recommendation), the Court should subject the Report-Recommendation to merely a clear-error review, which it easily survives. (*Id*.) Second, in any event, even if the Court were to subject the Report-Recommendation to a *de novo* review, the Report-Recommendation would survive that review, because of Magistrate Judge Katz' searching review of the record and his finding that the ALJ's detailed analysis of Plaintiff's treatment history revealed objective findings consistent with the opinions of Drs. Lorensen and Koenig. (*Id*.)

## II.   APPLICABLE LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific written objections," and must be submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C). "A judge of the court shall make a *de novo* determination of those portions of the [Report and Recommendation] . . . to which objection is made." 28 U.S.C. § 636(b)(1)(C); *accord* Fed. R. Civ. P. 72(b)(2). "Where, however, an objecting party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Caldwell v. Crosset*, 09-CV-0576, 2010 WL 2346330, at * 1 (N.D.N.Y. June 9, 2010) (quoting *Farid v. Bouey*, 554 F. Supp. 2d 301, 307 (N.D.N.Y. 2008)) (internal quotation marks omitted). Additionally, a district court will ordinarily refuse to consider an argument that could have been,

but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp. 2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

### III.    ANALYSIS

After carefully reviewing the matter, the Court rejects Plaintiff's Objections for each of the two alternatives offered by Defendant in his response. *See, supra*, Part I.B. of this Decision and Order.

First, as a threshold matter, the Court should subject the Report-Recommendation to merely a clear-error review (and find that it easily survives that review), because the arguments asserted by Plaintiff in her Objections merely rehash arguments asserted by her in her underlying memorandum of law. (*Compare* Dkt. No. 23 at 12-21 *with* Dkt. No. 21 at 1-8.) *See also* Part II of this Decision and Order (regarding governing legal standard). A careful comparison of both documents, and the relevant portions of Magistrate Judge Katz's Report-Recommendation, reveals that, although Plaintiff sprinkles her Objections with a few references to Magistrate Judge Katz's findings, her Objections take issue with a construction of the record that was *first* offered by Defendant (and then essentially adopted by Magistrate Judge Katz), which she characterizes as a "*post hoc* speculation." (*Compare* Dkt. No. 20, at 7-13 *with* Dkt. No. 22, at 12-20; *cf.* Dkt. No. 23, at 16 [Plf.'s Obj., arguing that "[t]he Court should not accept *Defendant's*

and Judge Katz's post hoc speculation as to what evidence was considered by the ALJ as consistent with the findings of Drs. Koenig and Lorensen"] [emphasis added].)

Second, in any event, the Court finds that any specifically challenged portions of the Report-Recommendation survive a *de no* novo review: Magistrate Judge Katz employed the proper legal standards, accurately recited the facts, and correctly applied the law to those facts. Contrary to Plaintiff's argument that Magistrate Judge Katz merely relied on "a thorough summation of the treatment record" (Dkt. No. 23, at 17), the Court finds that Magistrate Judge Katz sufficiently relied on the ALJ's detailed and thorough assessment of the record evidence (*see, e.g.*, Dkt. No. 22, at 16-19).

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Katz's Report and Recommendation (Dkt. No. 22) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's determination is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: January 31, 2025
      Syracuse, New York

Glenn T. Suddaby
U.S. District Judge

5